James H. WOLFINBARGER, Appellant,

v.

Flora W. WOLFINBARGER, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1961.

James S. Chenault, Charles R. Coy, Richmond, for appellant.

Hunter M. Shumate, Shumate & Shumate, Irvine, for appellee.

MILLIKEN, Judge.

This is an appeal from that part of the judgment in a hotly contested divorce action which awarded the wife, Flora W. Wolfinbarger, the bulk of the family property, both real and personal, estimated at a maximum of $7,000 personal property and $6,000 in real estate. The real estate consisted of two lots and a store while the personal property consisted of a bank account of $3,100 to $3,600, the stock of goods in the store and an automobile. The husband was awarded $1,500 from which the wife's attorneys' fees and court costs were deducted, leaving a balance of $1,230.50, which was paid to him by check.

The couple had no property when they were married in 1930 and had one child living at the time of the judgment in 1959, a daughter, nine years of age, whose custody was awarded to the mother. The testimony reveals an industrious wife and a husband whose industry and habits were of dubious value. The wife worked throughout the marriage except for short periods before and after childbirth or when work was not available. The wife saved and the husband apparently did not, and the wife bore much of the burden of supporting the family. The wife may have been miserly as asserted by the husband, and the husband may have been a wastrel as claimed by the wife. The attitude of each may have aggravated the tendency in these respects of the other, but in any event the testimony, though somewhat conflicting as to money matters, supports the chancellor's conclusion that the bulk of the estate accumulated by the couple was attributable to the industry and saving of the wife. For a good many years the family living came from the store operated by the wife who sometimes was helped by the husband.

The appellant-husband, James H. Wolfinbarger, complains on this appeal that the wife was not entitled to restoration of property under KRS 403.065, and that the allowance to her necessarily was awarded as alimony which he insists was patently excessive. The judgment awarded no alimony as such, but rather directed restoration of property to her—the store, lots and automobile—and in our opinion the evidence supports the chancellor's conclusion. The testimony preponderates that it was the wife's money which went into the property.

The appellant urges further that the judgment permits the wife to do as she pleases with the property by awarding her full title thereto, which results in no security to the child in case the mother defaults in her duty of caring for her daughter. Suffice it to say that the law will not absolve either parent from neglecting the child if that should prove to be the case. There certainly is no intimation of neglect or intended neglect of the child by the mother in the record before us.

The judgment is affirmed.